**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)**

| | |
|---|---|
| HERNAND RAMIREZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Baltimore City)<br><br>    Plaintiff,<br><br>v.<br><br>316 CHARLES, LLC<br>d/b/a HOMESLYCE<br>316 N. Charles Street<br>Baltimore, MD 21201<br>(Baltimore City)<br><br>9400 SNOWDEN RIVER, LLC<br>d/b/a HOMESLYCE<br>9400 Snowden River Parkway, Suite 127<br>Columbia, MD 21045<br>(Howard County)<br><br>HALUK KANTAR<br>11930 Queen Street<br>Fulton, MD 20759<br>(Howard County)<br><br>    Defendants. | Civil Action No. _____ |

**COMPLAINT**

1. While Plaintiff worked at the "HomeSlyce" pizza chain, Defendants did not pay him overtime wages.

2. Plaintiff brings this action to recover damages for Defendants' willful failure to pay overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and

the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because a majority of the Maryland parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

## Parties

5. Plaintiff Hernand Ramirez is an adult resident of Baltimore City, Maryland.

6. Defendant 316 Charles, LLC is a District of Columbia corporate entity. It does business as HomeSlyce. Its principal place of business is located at 316 N. Charles Street, Baltimore, MD 21201. Its resident agent for service of process is Haluk Kantar, 316 N. Charles Street, Baltimore, MD 21201.

7. Defendant 9400 Snowden River, LLC is a Maryland limited liability company. It does business as HomeSlyce. Its principal place of business is located at 9400 Snowden River Parkway, Suite 127, Columbia, MD 21045. Its resident agent for service of process is Ozgun Deniz, 4244 Hermitage Drive, Ellicott City, MD 21042.

8. Defendant Haluk Kantar is an adult resident of Maryland. He resides at 11930 Queen Street, Fulton, MD 20759. On information and belief, he is an owner and/or officer of Defendant 316 Charles, LLC and 9400 Snowden River, LLC. He exercises control over the operations of 316 Charles, LLC and 9400 Snowden River, LLC — including their pay practices.

**Factual Allegations**

9. Defendants 316 Charles, LLC and Haluk Kantar own and operate the HomeSlyce restaurant located at 316 N. Charles Street, Baltimore, MD 21201 ("HomeSlyce Baltimore").

10. Defendants 9400 Snowden River, LLC and Haluk Kantar own and operate the restaurant HomeSlyce restaurant located at 9400 Snowden River Parkway, Suite 127, Columbia, MD 21045 ("HomeSlyce Columbia").

11. Plaintiff worked at HomeSlyce Baltimore from approximately November 2015 through November 2016.

12. Plaintiff worked at HomeSlyce Columbia from approximately March 17, 2017 through October 5, 2018.

13. Plaintiff worked at HomeSlyce as a kitchen laborer.

14. Plaintiff's job duties at HomeSlyce primarily consisted of washing dishes, cutting vegetables and meats, and cooking food.

15. At all relevant times, Plaintiff typically and customarily worked six days per week.

16. Plaintiff typically and customarily worked 64.0 hours per week at HomeSlyce Baltimore.

17. Plaintiff typically and customarily worked 62.0 hours per week at HomeSlyce Columbia.

18. At all relevant times, Defendants paid Plaintiff a biweekly salary.

19. Defendants paid Plaintiff approximately the following biweekly salaries:

| Approximate Dates | Location | Biweekly Salary | Effective Hourly Rate |
|---|---|---|---|
| Aug. 01, 2016–Nov. 30, 2016 | Baltimore | $1,200.00 | $9.38 |
| Mar. 15, 2017–Nov. 14, 2017 | Columbia | $1,200.00 | $9.68 |
| Nov. 13, 2017–Aug. 31, 2018 | Columbia | $1,300.00 | $10.48 |
| Sep. 01, 2018–Oct. 05, 2018 | Columbia | $1,400.00 | $11.29 |

20. At all relevant times, Defendants paid Plaintiff by check.

21. Plaintiff worked more than forty hours per workweek for Defendants.

22. Defendants paid Plaintiff the same effective hourly rate across all hours worked.

3

23. Defendants did not pay Plaintiff overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

24. For Plaintiff's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $11,500.00 in overtime wages (excluding liquidated damages).

25. Defendant Haluk Kantar has hired and fired staff at HomeSlyce Baltimore.

26. Defendant Haluk Kantar personally fired Plaintiff Hernand Ramirez from HomeSlyce Baltimore.

27. Upon information and belief, Defendant Haluk Kantar has participated in the decisions to hire and fire employees at HomeSlyce Columbia.

28. Defendant Haluk Kantar hired managerial staff at HomeSlyce Columbia.

29. At all relevant times, Haluk Kantar was personally aware that HomeSlyce Baltimore and HomeSlyce Columbia paid employees flat salaries.

30. At all relevant times, Haluk Kantar was personally aware that HomeSlyce Baltimore and HomeSlyce Columbia did not pay employees overtime wages.

31. At all relevant times, Defendants had the power to hire and fire Plaintiff.

32. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

33. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

34. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

35. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of forty hours in any one workweek.

36. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

37. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

38. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

39. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

40. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

41. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

42. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

43. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

44. Defendants' violations of the FLSA were willful.

45. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

46. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

47. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

48. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

49. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times his regular hourly rate for hours worked in excess of forty hours in any one workweek.

50. Defendants' violations of the MWHL were willful.

51. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

52. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

53. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

54. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

55. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

56. The "wages" required to be timely paid by the MWPCL include overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

57. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including overtime wages.

58. Defendants' violations MWPCL were willful.

59. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, interest, court costs, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$34,900.00**, and grant the following relief:

    a. Award Plaintiff $34,500.00, consisting of the following overlapping elements:

        i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii. three times the amount of unpaid wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c. Award Plaintiff reasonable attorney's fees and expenses;

    d. Award Plaintiff court costs (currently, $400.00); and

    e. Award any additional relief the Court deems just.

Date: November 11, 2019              Respectfully submitted,

/s/ Justin Zelikovitz
JUSTIN ZELIKOVITZ, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*