UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE
MDD_SAGchambers@mdd.uscourts.gov

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780

February 8, 2021

LETTER ORDER

    RE:    Ramirez v. 316 Charles, LLC, et al.
                Civil Case No. SAG-19-3252

Dear Counsel:

    I have considered the Motions to Alter or Amend Judgment, ECF 34 and ECF 35, filed by Haluk Kantar and 9400 Snowden River, LLC (collectively, "Defendants") and Plaintiff's Opposition, ECF 36. Defendants have not filed a Reply, and their deadline has elapsed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth herein, the motions are DENIED.

    Defendants seek to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). A Rule 59(e) motion may be meritorious only if (1) "there has been an intervening change of controlling law," (2) "new evidence has become available," or (3) there is a need to correct a clear error or prevent manifest injustice." *Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010); *Broadvox-CLEC, LLC v. AT & T Corp.*, 98 F. Supp. 3d 839, 850 (D. Md. 2015). Defendants' motions fail to raise any of these issues. Instead, they note the Maryland state minimum wage for the time period at issue in the case and ask the Court to alter its calculation of overtime wages owed to Plaintiff based on the minimum wage. ECF 34; ECF 35. Doing so, however, is contrary to the clear direction of the Fair Labor Standards Act and Maryland state law equivalent. The statutes dictate that overtime pay must be calculated based on the employee's regular rate of pay, not an applicable minimum wage. *See* 29 U.S.C. § 207(a)(1) (stating an employee must be paid overtime "at a rate not less than one and one-half times the regular rate at which he is employed"); Md. Code, Lab. & Empl. § 3-415(a) ("[E]ach employer shall pay an overtime wage of at least 1.5 times the usual hourly wage . . . ."). If the regular rate exceeds the minimum wage, as Plaintiff's did in this case, the employee is still owed one and one-half times the regular rate of pay. *See* 29 C.F.R. § 778.107 ("If the employee's regular rate of pay is higher than the statutory minimum, his overtime compensation must be computed at a rate not less than one and one-half times such higher rate."); *see also McComb v. Norris*, 177 F.2d 357, 359 (4th Cir. 1949) ("The court below was in error in its conclusion that for overtime the Act required [the employer] to pay merely one and one-half the minimum wage . . . the Act requires the employer to pay for overtime one and one-half the regular wage of the employee, when this regular wage exceeds the minimum prescribed by the Act."); *Mumbower v. Callicott*, 526 F.2d 1183 (8th Cir. 1975) (noting the statute "has been uniformly interpreted to require the fifty percent overtime premium to be added to the actual wage paid, not the statutory minimum wage").

<u>Ramirez v. 316 Charles, LLC, et al.</u>
Civil Case No. SAG-19-3252
February 8, 2021
Page 2

      Because the Court correctly calculated Plaintiff's overtime wages in its initial judgment, Defendants' Motions to Alter or Amend, ECF 34 and ECF 35, are DENIED.  Despite the informal nature of this letter, it is an Order of the Court and will be docketed as such.  Plaintiff's pending motion for attorneys' fees and costs, ECF 37, will be adjudicated separately.

                                              Sincerely yours,

                                              /s/

                                         Stephanie A. Gallagher
                                         United States District Judge

Case 1:19-cv-03252-SAG   Document 44   Filed 02/09/21   Page 2 of 2